UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| RICHARD KAPLAN, | : | | |
| | : | Civil Action No. | 13-5295 (JEI), |
| Petitioner, | : | | 14-1007 (JEI) |
| | : | | |
| v. | : | **OPINION** | |
| | : | | |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Respondent. | : | | |

**IRENAS**, Senior District Judge:

  Presently before the Court are the two motions of Richard Kaplan ("Petitioner") to vacate, set aside, or correct his September 7, 2007, conviction, brought pursuant to 28 U.S.C. § 2255. (13-5295 ECF No. 1; 14-1007 ECF No. 1). Respondent, United States of America ("Respondent"), filed a consolidated Answer (13-5295 ECF No. 16; 14-1007 ECF No. 9) and Petitioner filed a consolidated Reply. (13-5295 ECF No. 17; 14-1007 ECF No. 10). For the following reasons, the Court denies these motions.

**I.   BACKGROUND**

  On April 20, 2007, Petitioner pled guilty pursuant to a written plea agreement to a one count-information charging him with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 666.  (Plea Hearing Transcript, Exhibit 5 to 13-5295 ECF No. 16).[1]  The one count information describes the charge as follows:

---

[1] As this background is drawn from largely from facts presented in the Exhibits to Respondent's consolidated answer, the record citations for the remainder of the opinion refer only to the ECF numbers for Civil Action No. 13-5295.  The exhibits to Respondent's consolidated answer also appear at 14-1007 ECF No. 10.

> [Petitioner] was employed as a Rehabilitation Construction Inspector and Assistant Zoning Officer for the City of New Brunswick's Department of Community Planning and Economic Development. . . .  The Department administered housing rehabilitation assistance programs designed to remedy substandard conditions in homes owned by qualifying low or moderate income owners within the City of New Brunswick.  As a rehabilitation Construction Inspector and Assistant Zoning Officer, [Petitioner] was responsible for, among other things, preparing scopes of work to address the substandard conditions and performing follow-up to inspections to ensure compliance with the scopes of pertinent federal, state, and local regulations.
>
> . . . .
>
> From in or about January, 2004 to in or about September, 2006, [Petitioner] accepted from contractors corrupt cash payments and other benefits totaling more than approximately $30,000.  [Petitioner] accepted these corrupt cash payments and other benefits in exchange for exercising, and agreeing to exercise, official action and influence in favor of the contractors.
>
> . . . .
>
> . . . [Petitioner] being an agent of the Department, did knowingly, willfully, and corruptly solicit and demand for his benefit, and accept and agree to accept items of value . . . intending to be influenced and rewarded in connection with a business, transactions, and a series of transactions of the Department involving things of $5,000 and more.

(Information, Exhibit 1 to 13-5295 ECF No. 16).  As part of his plea to this charge, Petitioner waived his right to indictment.  (Waiver of Indictment, Exhibit 2 to 13-5295 No. 16).

During his plea hearing, Petitioner's counsel informed the Court that he and Petitioner had extensively reviewed his plea agreement and the potential sentence for the charge, and that Petitioner understood the plea agreement.  (Plea Hearing Transcript, Exhibit 5 to 13-5295 ECF No. 16, 2-3).  Petitioner, while under oath, expressed his satisfaction with counsel's representation, and informed the court that he understood and voluntarily waived his right to

indictment.  (Id. at 8-9, 13-14).  The Court then reviewed with Petitioner his right to a jury trial, to have an attorney at trial, to confront witnesses, and that if he chose to go to trial the Government would have to prove his guilt beyond a reasonable doubt.  (Id. at 10-12).  After the Court explained these, and Petitioner's other rights at trial, Petitioner stated that he understood.  (Id. at 10-13).  The Court also reiterated the basis of the charges brought against Petitioner, which Petitioner then admitted.  (Id. at 14, 22-25).  The Court then discussed with Petitioner his sentencing exposure at length, including the possibility and terms of supervised release, the civil consequences of a felony guilty plea, and the non-mandatory nature of the Sentencing Guidelines, all of which Petitioner stated that he understood.  (Id. at 14-19).  Petitioner also told the Court that he agreed to the plea and that he had not been coerced to enter into it. (Id. at 19-22). Following this colloquy, the Court accepted Petitioner's guilty plea, finding that it was knowing, voluntary, and factually supported.  (Id. at 26-27).

The Court sentenced Petitioner on September 6, 2007.  (Sentencing Transcript, Exhibit 56 to 13-5295 ECF No. 16).  At sentencing, the Court found Petitioner's final offense level to be 19 with a recommended sentencing range of 30 to 37 months and a potential fine between $6,000 and $60,000.  (Id. at 14).  Following Petitioner's counsel's recommendation of a minimum sentence, and Petitioner's statement in which he expressed regret for his actions, the Government recommended a sentence including both jail time and a fine.  (Id. at 20-23).  The Court, after reviewing the § 3553(a) factors, sentenced Petitioner to 30 months' imprisonment, a $30,000 fine, and a three year period of supervised release.  (Id. at 26-27).  Petitioner did not appeal following the Court's imposition of sentence.

While Petitioner has served his entire imprisonment term for this conviction in the time

3

between conviction and his filing of his § 2255 petitions, he remains incarcerated due to a conviction for a second offense, attempted murder for hire in violation of 18 U.S.C, § 1958(a),[2] and therefore has yet to serve his term of supervised release.  (*See United States v. Richard Kaplan*, Criminal Action No. 08-581, ECF No. 38).  Therefore this Court has jurisdiction to decide the instant Motions.  *See United States v. Baird*, 312 F. App'x 449, 450 (3d Cir. 2008) ("We have made plain that a petitioner on supervised release is "in custody" for purposes of § 2255 [jurisdiction]").  Petitioner filed the first of the two § 2255 petitions at issue here on or about September 3, 2013.  (13-5295 ECF No. 1).  He filed the second on or about February 14, 2014.  (14-1007 ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

---

[2] Petitioner committed the acts underlying his second conviction while serving his 30 month sentence.

4

Unless the moving party claims a jurisdictional defect or a constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B. Analysis**

Through his § 2255 motions, Petitioner challenges his conviction and sentence arguing, *inter alia*, that he suffered from ineffective assistance of counsel in that his counsel did not obtain discovery, did not file a notice of appeal, coerced him into waiving indictment, failed to request a sentence of probation, and failed to object to Petitioner's "illegal sentence"; that his sentence was illegal; that this Court lacked jurisdiction over his crime; that the Government withheld evidence; that the Court erred at sentencing in regard to the Guidelines; and that numerous parties, including his counsel and the Government, are engaged in an extensive conspiracy which resulted in Petitioner's convictions. These claims, however, are time-barred as Petitioner did not file his § 2255 motions until nearly five years after his conviction became final.

**1. An evidentiary hearing is not required**

An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). If the record, supplemented by the trial judge's

5

personal knowledge, conclusively negates the factual predicates asserted by a petitioner, and/or indicate that petitioner is not entitled to habeas relief as a matter of law, no evidentiary hearing is required.  *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985).  For the reasons explained herein, Petitioner's claims are time-barred, and therefore the record establishes that Petitioner is not entitled to relief as a matter of law.  No evidentiary hearing is therefore required on Petitioner's claims.

**2.   Petitioner's claims are time-barred**

Pursuant to 28 U.S.C. § 2255(f), a "1-year period of limitation shall apply to a motion under [§ 2255]."  That limitation period begins to run from the latest of the date the conviction becomes final, the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed (if such an impediment existed), the date on which the right asserted was recognized by the Supreme Court in cases governed by newly recognized and retroactive case law, or the date on which the facts supporting the claims presented could have been discovered through due diligence.  28 U.S.C. § 2255(f)(1)-(4).  Where a defendant fails to appeal his conviction, that conviction becomes final for the purposes of the statute of limitations on the date on which the time for filing an appeal expires.  *Antigua-Diaz v. United States*, Civil Action No. 11-6082, 2012 WL 4194500, at *2 (D.N.J. Sept. 27, 2012).  In 2007, when Petitioner was convicted and sentenced, the time for such an appeal was ten days after the entry of judgment.  *See* Former Fed. R. App. P. 4(b)(1)(A).[3]

---

[3] This time period was increased to fourteen days in 2009, after the judgment was entered against Petitioner.  *See* Fed. R. App. P. 4(b)(1)(A)

Although § 2255(f) provides a strict limitations period for habeas petitions, the courts have recognized that the statute may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Thomas*, 713 F.3d at 174. A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Thomas*, 713 F.3d at 174.

Here, Petitioner filed the first of his motions to vacate in September, 2013. As he was sentenced on September 6, 2007, and did not appeal, Petitioner's conviction became final ten days later on September 16, 2007. Even the first of Petitioners motions to vacate, then, was filed almost five years after the one year statute of limitations had expired. *See* 28 U.S.C. § 2255(f)(1).

Petitioner's arguments as to the timeliness of his Petition arises out of Petitioner's bald assertion that "the Government and the Federal Bureau of Prisons, along with Governor Christopher Christie, Mayor James Cahill and several other Political Parties" conspired to frame him. (13-5295 ECF No. 17, at 1). Petitioner asserts that had he appealed, it would "expose their political corruption . . . so they jointly had" Petitioner framed by entrapping him into his subsequent murder for hire conviction. (Id.). Petitioner therefore suggests that "his Motions are

7

Not time Barred based upon <u>Civil</u> <u>Conspiracy</u>,"[4] and that as this alleged conspiracy is ongoing, "NO STATUTE OF LIMITATIONS SHALL STAND IN HIS WAY."  (Id. at 4).  Petitioner also suggests that the statute should be tolled because, as part of this alleged conspiracy, his attorney "abandoned" him and refused to file his appeal.  Finally, Petitioner argues that the Government and its co-conspirators fraudulently concealed information from him, and that equitable tolling is therefore warranted.

Insomuch as Petitioner is alleging that this supposed conspiracy was a Government created impediment which tolled the statute of limitations, *see* 28 U.S.C. § 2255(f)(2), Petitioner's claim must fail.  Petitioner, in response to the Government's raising of the statute of limitations, has presented no evidence as to how this alleged conspiracy, for which he provides few supporting facts nor even allegations sufficient to fully consider his conspiracy claim, acted as an impediment to the habeas claims he raises in his 2255 petitions.  There are no facts in the record to suggest

---

[4] Petitioner, in his 2255 pleadings, does not fully set out the nature this alleged conspiracy. Petitioner has filed a separate civil rights complaint, however, in which details the nature of his conspiracy claims.  *See Kaplan v. Holder*, Civil Action No. 14-1740 (ECF No. 1, 8-10).  The supposed conspirators Petitioner alleges includes the Governor of New Jersey, several members of the U.S. Attorney's Office, FBI agents, HUD investigators, at least one New Jersey state judge, the majority of the judges of the Third Circuit Court of Appeals, prison officials, the former cell mate that reported Petitioner's attempts at murder for hire, and Petitioner's ex-wife. *See Kaplan v. Holder*, Civil Action No. 14-1740 (ECF No. 1, 8-10).  Petitioner's basic theory appears to be that these individuals conspired to entrap him by placing a confidential informant in his cell to "set him up" for the attempted murder for hire of his ex-wife.  *See Kaplan v. Holder*, Civil Action No. 14-1740 (ECF No. 1, 8-10).  Petitioner fails, in both his 2255 pleadings and the civil rights action, to allege when, how, or why such individuals were involved in the alleged conspiracy, and instead asks them to inform him how, when, where, and why they were involved.  *See Kaplan v. Holder*, Civil Action No. 14-1740 (ECF No. 1, at 7-11).  The most solid allegations in the civil rights complaint is that the conspirators denied Petitioner exculpatory discovery and then fraudulently concealed that discovery, but Petitioner does not allege what, if any, discovery was concealed.  *See Kaplan v. Holder*, Civil Action No. 14-1740 (ECF No. 1, at 1-6).

that the Government denied Petitioner any information, Petitioner's own attachments indicate that the Government has complied, and continues to attempt to comply, with his Freedom of Information Act requests.  (*See* 14-1007 ECF No. 1 at Exhibit 2).  Petitioner's conspiracy allegations ultimately amount to little more than an assertion that exonerating evidence must exist, and it therefore must have been denied him.  As Petitioner has presented no evidence sufficient to lead one to believe an impediment existed, such an argument does not provide grounds for the extension of the starting date of the statute of limitations.

To the extent that Petitioner is instead arguing that the statute of limitations should be equitably tolled on fraudulent concealment grounds, Petitioner's argument also fails.  As Petitioner himself recognizes, he bears the burden to prove fraudulent concealment.  *See Forbes v. Eagleson*, 228 F.3d 471, 486-87 (3d Cir. 2000) (discussing fraudulent concealment); *Thomas*, 713 F.3d at 174 (Petitioner must show diligence and that extraordinary circumstance stood in his way).  To show fraudulent concealment, one must establish that the fraudulent party engaged in affirmative acts of concealment designed to mislead the petitioner, that the petitioner exercised reasonable diligence, and that the petitioner was not aware, nor should have been aware, of facts supporting his claim within the limitations period.  *See Forbes*, 228 F.3d at 486-87; *Gunn v. First Am. Fin. Corp.*, 549 F. App'x 79, 82 (3d Cir. 2013); *see also Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) (suggesting fraudulent concealment applicable to habeas statute of limitations).

Petitioner has not shown that a claim for fraudulent concealment is plausible, let alone that equitable tolling is warranted.  Even if, *arguendo*, Petitioner's "investigations" into his

convictions can be considered reasonable diligence,[5] he has not shown what, if any, affirmative actions the Government has taken to prevent his access to information. Petitioner provides only the bald assertion that some grand conspiracy, designed to keep him imprisoned, is afoot.[6] Petitioner likewise cannot show that he was not aware of the facts supporting the claims he raises here. The claims Petitioner raises in his 2255 motions are predicated on his assertion that he is factually innocent and is subject to the alleged conspiracy. Petitioner would certainly have been aware of his factual innocence throughout his conviction and sentencing.

The errors Petitioner alleges occurred at sentencing would likewise have been readily apparent when they allegedly occurred: during sentencing and immediately thereafter through diligent review of the record. The alleged failings of Petitioner's counsel also would have been immediately apparent: the failures to object or challenge the sentence, to seek discovery, and to properly advise Petitioner would all have become apparent as they occurred, and the failing to file an appeal was likewise known to Petitioner at the time of its occurrence. Thus, Petitioner certainly should have been aware of the facts underlying his claims through reasonable diligence during and throughout the one year limitations period. Petitioner therefore fails to make out a claim for fraudulent concealment, and likewise fails to show that extraordinary circumstances

---

[5] The Court makes no such finding here. Petitioner has made no showing which would lead the Court to conclude that he diligently pursued his motion to vacate during the six years between his conviction and his filing of the first Motion in 2013. Petitioner's assertion that some investigation was undertaken by private investigators, the results of which he does not share, provides no basis for a conclusion that he diligently pursued post-conviction relief.

[6] That he has provided certifications from two fellow inmates suggesting that Petitioner's former cellmate was self-serving in allegedly instigating the attempted murder for hire shows no affirmative acts on the part of the Government. (*See* 14-1007 ECF No. 1 at PageID 188-89). Even if taken at face value, these certifications lend no support to the contention that the individual was acting on Government orders or as a confidential informant.

prevented him from filing timely, and he is therefore not entitled to equitable tolling of the statues of limitations. *Thomas*, 713 F.3d at 174.

Petitioner has failed to show that he has diligently pursued his claims. He has likewise failed to demonstrate that any extraordinary circumstances have prevented him from pursuing habeas relief. As such, equitable tolling is not appropriate in this case. *Thomas*, 713 F.3d at 174. Because Petitioner's motions were filed five years after the statute of limitations had run, and no grounds for equitable tolling have been shown, these motions must be dismissed as time-barred. *Thomas*, 713 F.3d at 174-75.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from the final order in a proceeding under § 2255 unless the petitioner has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner has failed to make a substantial showing that he was denied a constitutional right, and jurists could not conclude that his claims are adequate to deserve encouragement to proceed as they are clearly time barred, no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion is DENIED, and no certificate of

11

appealability shall issue.   An appropriate order follows.


Date:   March 18, 2015                                     s/ Joseph E. Irenas           
                                                    Hon. Joseph E. Irenas, S.U.S.D.J.